IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,　　　　　　　　　　　　No. Civ. S-07-023 RRB EFB

　　　　Plaintiff,　　　　　　　　　　　　**Memorandum of Opinion
　　v.　　　　　　　　　　　　　　　　　　　　　　and Order**

DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION
SECURITY ADMINISTRATION, LOREN
ISHII, and DOES 1-20,

　　　　Defendants.
_____/

　　　Jennifer Zamora ("Zamora") filed an action against the Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA") and Loren Ishii ("Ishii") (collectively "Defendants") alleging harassment, retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII").  Defendants now move to dismiss pursuant to Rule 12(b)(1) on the ground that subject matter jurisdiction is lacking.  Alternatively, Defendants move to dismiss pursuant to Rule 12(b)(5) on the ground that service of process was not

properly effected. For the following reasons, the court GRANTS the motion.[1]

## I. BACKGROUND

Zamora is a former employee of the DHS employed by the TSA as a security screener assigned to the Sacramento International Airport. Compl. ¶¶ 4, 8, 9. Ishii was Zamora's supervisor. Id. ¶ 5, 9. In the spring and summer of 2003, Zamora alleges that she was subjected to sexual harassment by Ishii in the form of unwanted touching, inappropriate comments, romantic solicitations, favoritism, verbal and written expressions of affection and demands to spend time together outside of work. Id. 10. Zamora alleges that she complained to TSA management about the harassment but TSA failed to investigate or take any action to stop it. Id. ¶¶ 11-13. Zamora alleges that the harassment escalated after she complained to management. Id. ¶ 12.

On or about June 30, 2003, Zamora filed an administrative charge of discrimination with the Equal Employment Opportunity

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

Commission ("EEOC") alleging sexual harassment and hostile work environment. Compl. ¶ 15. Around the same time, Zamora also filed a complaint with TSA's ombudsman. Id. ¶ 16. Zamora alleges that TSA retaliated against her for filing these complaints by withholding wages and benefits and then by terminating her. Id. ¶¶ 16-18.

On or about October 29, 2003, Zamora filed a formal complaint with the EEOC alleging harassment, reprisal and hostile work environment under Title VII. Compl. ¶ 8. After the TSA completed an investigation, on or about April 9, 2005, Zamora formally requested a hearing before the EEOC. Id. On or about October 17, 2005, an administrative law judge issued a notice of intent to issue a decision without a hearing in favor of Zamora. Id. Following the TSA's opposition to the administrative law judge's notice of intent, a new order was issued on or about April 10, 2006, determining that a hearing was necessary because material facts were in dispute. Id. Then, before a hearing could take place, Zamora requested to withdraw her EEOC complaint in order to pursue a claim in federal court. Id. On May 31, 2006, the EEOC granted Zamora's request and her case was dismissed without prejudice by administrative judge Caitlin A. Schneider ("Schneider"). Decl. of Ernest Robert Wright ("Wright"), Exh, B. In Judge Schneider's dismissal order, Zamora was specifically informed

that she could either seek reinstatement of her complaint with the EEOC within thirty-days or file an action in federal court. Id.  On June 5, 2006, Judge Schneider also informed Zamora, via written correspondence, that her case was officially closed based on her request to withdraw her complaint and pursue an action in federal court. Compl., Exh. C.  On January 4, 2007, Zamora filed the instant action alleging sexual harassment, retaliation and hostile work environment under Title VII.  Id. ¶¶ 24-37.

## II. DISCUSSION

**A.   Legal Standard**

As an initial matter, because the question of whether Zamora's claim is barred by the statute of limitations is not a jurisdictional question,[2] it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995).  The court therefore will treat the instant motion as one for dismissal under Rule 12(b)(6).

---

[2] See Conkle v. Potter, 352 F.3d 1333, 1336 n.5 (10th Cir. 2003) ("While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement 'is a condition precedent to suit that functions like a statute of limitations.'")

A Rule 12(b)(6) motion essentially tests whether a cognizable claim has been pled in the complaint. Under Rule 12(b)(6), a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. See In re Silicon Graphics Inc. Sec Lit., 183 F.3d 970, 983 (9th Cir. 1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell, 266 F.3d at 988.

If a claim is barred by the applicable state statute of limitations, dismissal pursuant to Rule 12(b)(6) is appropriate. Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, 68 F.3d at 1206 (citation and quotation marks omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of

facts that would establish the timeliness of the claim." Id. at 1207.

**B.   Timely Filing of Civil Action**

Defendant argues that dismissal is appropriate because Zamora did not file the instant action within ninety-days of final agency action taken on her EEOC complaint.

Under Title VII of the Civil Rights Act of 1964, it is unlawful for "an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 USC § 2000e-2(a)(1); Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).  To be timely, a Title VII civil action based on sex discrimination must be filed within 90-days of receipt of notice of final action taken on a complaint of discrimination based on sex.  42 U.S.C. § 2000e-16(c); see Farrell v. Principi, 366 F.3d 1066, 1067 (9th Cir. 2004) ("When an agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90-days); Conkle, 352 F.3d at 1336 (a federal employee must file a discrimination action in federal district court within 90-days of receipt of notice of final action taken by the EEOC).[3]

---

[3] 42 U.S.C. § 2000e-16(c) provides, in relevant part, that a federal employee plaintiff may file a civil lawsuit in federal court either: (1) 90 days after a final decision by an agency, or a final decision by the EEOC of an appeal of an agency's final decision; or (2) 180 days after filing an initial

When a federal employee alleging a complaint of discrimination requests a hearing, the EEOC must appoint an administrative judge to conduct a hearing. 29 C.F.R. § 1614.109(a). An administrative judge may dismiss an EEOC complaint on their own initiative, after notice to the parties, or upon an agency's motion to dismiss a complaint. 29 C.F.R. § 1614.109(b). "If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . then the decision of the administrative judge shall become the final action of the agency." 29 C.F.R. § 1614.109(i).

The 90-day period to file a civil action after final agency action is a statute of limitations. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997); see Conkle, 352 F.3d at 1336 n.5 ("While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement 'is a condition precedent to suit that functions like a statute of limitations' "). Therefore, if a claimant fails to file the civil action within the 90-day period, the action is time-barred. Nelmida, 112 F.3d at 383.

In the present case, Zamora's EEOC complaint was dismissed without prejudice on May 31, 2006. Decl. of Wright, Exh. B.[4] In

---

complaint with an agency, or 180 days after filing an appeal of an agency's final decision, if no final decision by the agency, or EEOC decision on the appeal has occurred within those 180 days.

[4] On a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of facts outside the pleadings including records and reports of administrative bodies. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991). Documents

this dismissal order, Zamora was specifically informed that she could either pursue her case with the EEOC by requesting reinstatement within thirty-days or file an action in federal court. Id. On June 5, 2006, Zamora was informed via written correspondence that her case was officially closed by the EEOC due to her request to withdraw her complaint and pursue an action in federal court. Compl., Exh. 3.[5] Neither the DHS nor the TSA further addressed Zamora's claim. Thus, forty-days after the May 31, 2006 dismissal – on July 10, 2006 - the dismissal became the "final" agency action. As such, Zamora was required to file her civil action within ninety-days from July 10, 2006. Zamora failed to do so.

For this reason, the court concludes that the instant action is time-barred because it was filed on January 4, 2007; nearly six-months after the ninety-day filing limit. See Wiley v. Johnson, 436 F.Supp.2d 91, 96-97 (D.D.C. 2006).[6]

---

susceptible to judicial notice may be considered in deciding a Rule 12(b)(6) motion. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003). The court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. Mack, 798 F.2d at 1282.

[5] Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. In re Colonial Mortg. Bankers Corp., 324 F.3d at 15.

[6] While the ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling, Nelmida, 112 F.3d at 384, the court concludes that equitable tolling is inappropriate under the circumstances. This is so because Zamora failed to meet her burden to plead and prove any equitable excuse for failing to meet the ninety-day filing

### III. CONCLUSION

For the reasons stated above, the court GRANTS the motion to dismiss.[7]

**IT IS SO ORDERED.**

ENTERED this 23rd day of January, 2008.

                              s/RALPH R. BEISTLINE
                              United States District Judge

---

period. See Wiley, 436 F.Supp.2d at 96. Instead, Zamora simply argues, without authority, that her action is timely because the ninety-day filing period was never triggered as final agency action was never taken on her EEOC complaint. The court disagrees. As discussed above, final agency action was taken on Zamora's EEOC complaint when a final order was not issued within forty days of Judge Schneider's decision to dismiss the complaint. As such, Zamora's claim is time-barred unless the doctrine of equitable tolling applies. The court concludes that it does not. Zamora is not entitled to equitable relief because her failure to file a timely claim was due to a lack of due diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, (1984) (federal courts have typically extended equitable relief only sparingly, including situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Federal courts, however, have been less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving her legal rights).

[7] Because this action is dismissed as untimely, the court need not address Defendants' alternative argument for dismissal.

9