IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,                             No. Civ. S-07-023 RRB EFB

     Plaintiff,                         **MEMORANDUM OF OPINION**
  v.                                              **AND ORDER**

DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION
SECURITY ADMINISTRATION, LOREN
ISHII, and DOES 1-20,

     Defendants.
_____/

     The matter before the court is Jennifer Zamora's ("Zamora") motion for reconsideration pursuant to Rule 59(e) seeking to alter or amend the court's Memorandum of Opinion and Order ("Order") filed on January 24, 2008. The Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA") and Loren Ishii ("Ishii") (collectively "Defendants") oppose the motion. For the reasons stated below, the court **GRANTS** the motion.[1]

---

[1] Inasmuch as the court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support

1

## I. BACKGROUND

On or about June 30, 2003, Zamora filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and hostile work environment. Compl. ¶ 15. On or about October 29, 2003, Zamora filed a formal complaint with the EEOC alleging harassment, reprisal and hostile work environment under Title VII. Id. ¶ 8. After the TSA completed its investigation, on or about April 9, 2005, Zamora formally requested a hearing before the EEOC. Id. On or about October 17, 2005, an administrative law judge issued a notice of intent to issue a decision without a hearing in favor of Zamora. Id. Following the TSA's opposition to the administrative law judge's notice of intent, a new order was issued on or about April 10, 2006, stating that a hearing was necessary because material facts were in dispute. Id. Then, before a hearing could take place, Zamora made a request to withdraw her EEOC complaint so she could pursue a civil action in federal court. Id.

---

of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

On May 31, 2006, the EEOC granted Zamora's request and her case was dismissed without prejudice by administrative judge Caitlin A. Schneider ("Schneider"). Decl. of Ernest Robert Wright ("Wright"), Exh. B. The dismissal order expressly stated that Zamora could either seek reinstatement of her EEOC complaint with the EEOC within thirty days or "pursue her case in federal district court at any time." Id. On June 5, 2006, Judge Schneider advised Zamora, via written correspondence, that her case was officially closed based on her request to withdraw her complaint and pursue a civil action in federal district court. Compl., Exh. C. The EEOC, however, never informed Zamora that she had ninety days from the date in which her EEOC complaint was dismissed to bring a civil action in federal district court.

On January 4, 2007, approximately seven months after Zamora's EEOC complaint was dismissed, Zamora filed the instant action alleging sexual harassment, retaliation, and hostile work environment under Title VII. Compl. ¶¶ 24-37. On July 27, 2007, Defendants filed a motion to dismiss seeking, among other things, to dismiss the complaint on the basis that it was untimely filed. Docket at 14. On January 24, 2008, the court

granted Defendants' motion. Docket at 22.[2] On February 7, 2008, Zamora filed a motion for reconsideration pursuant to Rule 59(e) seeking to alter or amend judgment. Docket at 24.

## II. DISCUSSION

**A.   Rule 59(e)**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend judgment within ten days after entry of judgment. A dismissal with prejudice is a final judgment on the merits unless otherwise specified. See Stewart v. U.S. Bancorp., 297 F.3d 953, 956 (9th Cir. 2002). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in

---

[2] In its previous Order, the court determined that Zamora's complaint was untimely filed because it was not brought within ninety days of final agency action taken on her EEOC complaint. Docket at 22. The court further determined that the complaint should be dismissed with prejudice because the ninety-day limitations period was not subject to equitable tolling as the late filing was due to a lack of due diligence. Id.

the controlling law." Id. (internal quotation marks omitted); 389 Orange Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona, 229 F.3d at 890 (emphasis in original).

**B.   Analysis**

In the instant motion, Zamora contends that the court committed "clear error" by determining that her complaint was untimely filed because the ninety-day limitations period in which to file a civil action was never commenced as the EEOC did not inform her that she had ninety days from the date her EEOC complaint was dismissed to bring a civil action. Although Zamora did not raise this issue, either through argument or citation to authority in her opposition to Defendants' motion to dismiss, the court is nonetheless convinced that it must amend its previous Order to prevent manifest injustice. Here, because it is undisputed that the EEOC did not inform Zamora that she had ninety days from the date her EEOC complaint was dismissed to bring a civil action (as required upon the dismissal of a charge of discrimination),[3] the ninety-day time limit to file a

---

[3] See Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) (upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her

civil action was never commenced, and therefore the complaint was timely filed. See <u>Missirlian v. Huntington Memorial Hospital</u>, 662 F.2d 546, 549-50 (9th Cir. 1981) (holding that the ninety-day time limit to file a Title VII civil action does not commence until the plaintiff receives notice of his or her right to sue and the date from which the ninety-day time limit on this right starts to run). Accordingly, Zamora's motion for reconsideration is **GRANTED.**

### III. CONCLUSION

For the reasons stated above, the court **GRANTS** the motion. The court hereby amends the January 24, 2008, Order to reflect that Zamora's complaint was timely filed and that Defendants' motion to dismiss is **DENIED.**[4]

**IT IS SO ORDERED.**

ENTERED this 15th day of April, 2008.

                                s/RALPH R. BEISTLINE
                                United States District Judge

---

that she has ninety days to bring a civil action); 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . the [EEOC or otherwise appropriate entity] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought.").

[4] Because the court did not consider Defendants alternative argument for dismissal in its previous Order, namely that the complaint should be dismissed for insufficient service of process, Defendants have ten days from service of this order to renew their motion to dismiss in this regard.