IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER ZAMORA,                              No. 02:07-CV-023 JAM EFB

     Plaintiff,                          ORDER DENYING MOTION TO DISMISS

  v.

DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION
SECURITY ADMINISTRATION, LOREN
ISHII, and DOES 1-20,

     Defendants.
_____/

     Plaintiff Jennifer Zamora ("Zamora") brought this action against the Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA") and Loren Ishii ("Ishii") (collectively "Defendants") alleging sexual harassment, retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII").  Defendants now move for dismissal pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.  Zamora opposes the

motion.  For the reasons stated below, Defendants' motion is DENIED.[1]

## I. PROCEDURAL BACKGROUND

On January 4, 2007, Zamora filed the instant action alleging sexual harassment, retaliation and hostile work environment under Title VII.  Compl. ¶¶ 24-37.  On July 27, 2007, Defendants moved to dismiss on the basis that the complaint was untimely filed and on the basis that service of process was insufficient.  Docket at 14.  On January 24, 2008, this Court granted the motion on the ground that the complaint was untimely filed.  Docket at 22.  In doing so, the Court did not reach the question of whether dismissal was appropriate for insufficient service of process.  Docket at 22.  On February 7, 2008, Zamora filed a motion for reconsideration.  Docket at 24. On April 16, 2008, this Court granted the motion for reconsideration on the ground that the complaint was in fact timely filed.  Docket at 31.  In this Order, the Court specifically noted that it would consider a renewed motion to dismiss on the question of whether service of process was insufficient.  Docket at 31.  On April 25, 2008, Defendants

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

filed a motion to dismiss for insufficient service of process. Docket at 32.

## II. OPINION

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m), as amended in 1993, "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay," and "permits the district court to grant an extension even in the absence of good cause." Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). "When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citation omitted). Good cause, at a minimum, means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). In order to establish good cause, a plaintiff may be required to show that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

3

prejudiced if his complaint were dismissed." <u>In re Sheehan</u>, 253 F.3d at 512; <u>see</u> <u>also</u> <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 372 (9th Cir. 1985) (plaintiff can establish "good cause" for delay longer than the 120-day service period by demonstrating that service had been attempted but not completed, plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control). The inadvertence of counsel does not qualify as good cause for failure to comply with Rule 4. <u>Wei</u>, 763 F.2d at 372.

Under Rule 4(m), courts have broad discretion to extend time for service even without a showing of good cause. <u>U.S. v. 2,164 Watches</u>, 366 F.3d 767, 772 (9th Cir. 2004). A court may, for instance, extend time for service retroactively after the 120-day service period has expired. <u>Id.</u> "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" <u>Efaw</u>, 473 F.3d at 1041. "If the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice; it shall not enter judgment in the case." <u>2,164 Watches</u>, 366 F.3d at 772.

In the present case, it is undisputed that Zamora did not serve the summons and complaint upon the United States Attorney for the Eastern District of California ("United States

4

Attorney") or the Attorney General of the United States ("Attorney General") within 120 days after filing the complaint. Rather, Zamora served the United States Attorney ten days after the period for service and the United States Attorney General approximately four months after the period for service.[2]  Because it is undisputed that service of process was untimely, the Court must dismiss the action unless it determines that an extension of time is warranted.

 While Zamora maintains that "good cause" exists to warrant an extension of time, this Court finds that she has failed to offer sufficient facts to support this assertion.  Zamora, for instance, did not offer facts demonstrating that Defendants suffered no prejudice from the delay, nor did she offer facts demonstrating that she would suffer severe prejudice if her complaint was dismissed.  Nor does Zamora contend that either she or her attorney attempted to timely serve the United States Attorney or the Attorney General, she was confused about the requirements for service of process, or was prevented from effecting service within the 120-day limit by factors beyond her

---

[2] It is further undisputed that Zamora has not served Ishii due to an inability to locate him.  The Court finds that Zamora's failure to effectuate service properly deprives this Court of jurisdiction over Ishii.  The Court thus dismisses Ishii from this action, without prejudice, for failure to comply with Rule 4.

control. As such, Zamora has not shown the requisite "good cause" to require this Court to grant an extension of time.

Nevertheless, as noted above, this Court may exercise its discretionary authority to grant an extension of time. In this regard, although it is clear that Zamora should have effectuated service in a more expeditious manner, the Court finds that an extension of time is warranted because the length of delay was relatively short and Defendants have suffered little prejudice from the delay. In reviewing the efforts of Zamora, the Court finds that she endured significant delays while exhausting her administrative remedies in pursuit of her claims. Defendants contend that Zamora's actions have unilaterally delayed this federal action and that her delays in filing and serving her complaint have legally prejudiced their ability to defend a case involving allegations of sexual harassment and hostile work environment which occurred more than five years ago. This Court disagrees and finds that Defendants contributed to the five year delay of which they now complain by unnecessarily delaying the resolution of Zamora's administrative claim.

For these reasons, Defendants' motion is denied. The Court hereby extends the 120-day service period with respect to the United States Attorney and the Attorney General. Accordingly, service of process has been properly effectuated on the United States.

III. ORDER

For the reasons stated above, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:  June 5, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE