IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ZAMORA,<br><br>     Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.<br><br>     Defendants.        / | No. Civ. S-07-00023 JAM EFB<br><br>ORDER GRANTING MOTION TO<br>DISMISS AND MOTION TO STRIKE |

Plaintiff, Jennifer Zamora ("Zamora"), filed an action against the Department of Homeland Security ("DHS"), the Transportation Security Administration ("TSA"), Loren Ishii ("Ishii"), and Does 1-20, alleging sexual harassment, reprisal, and a hostile work environment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. DHS and TSA filed an Answer to the Complaint on June 18, 2008.[1] (Docket #40.) Defendants now move to dismiss the Complaint under Federal Rule

---

[1] Plaintiff's counsel apparently agreed to dismiss defendant Loren Ishii from this litigation. However, he has yet to file a formal pleading reflecting this agreement. (Docket #45-2.)

1

of Procedure 12(b)(6) for failure to state a claim against the proper defendants. Plaintiff has also filed a Doe Amendment to the Complaint ("Doe Amendment"). Defendants filed a motion to strike this pleading. (Docket #51.) For the reasons stated below, the Court hereby GRANTS Defendants' motion as a judgment on the pleadings, and GRANTS Defendants' Motion to Strike Plaintiff's Doe Amendment.[2]

BACKGROUND

In 2002, Plaintiff was hired to be a security screener for the DHS, with Ishii as her immediate supervisor. Compl. ¶ 9. She alleges that during this employment she was subjected to sexual harassment by Ishii, including, but not limited to:

> unwanted touching, inappropriate personal comments, solicitations from him to become romantically involved, favoritism of Plaintiff over other employees, expressions of affection outside of business norms, both in person and in writing, and demands that Plaintiff spend time with him, for no business purpose, away from the office and outside of normal business hours. Id. ¶ 10.

Plaintiff complained to management about the inappropriate conduct but no action was taken. Id. ¶ 13. As a result of the harassment and hostile work environment, Plaintiff's physician instructed her not to return to work. Id. ¶ 14. In June of 2003, Plaintiff sought administrative remedies with the Equal

---

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

Employment Opportunity Commission ("EEOC") and filed a written charge of discrimination, pursuant to TSA guidelines. Id. ¶ 15, Ex. 2.  However, after three years of failing to resolve her claim, Plaintiff elected to withdraw her EEOC complaint. EEOC Administrative Judge Schneider granted Plaintiff's request and dismissed the case without prejudice, allowing Plaintiff to "pursue her case in federal district court at any time." Decl. of Ernest Robert Wright, Ex. B.

Plaintiff filed her initial Complaint in this Court on January 4, 2007.  On January 24, 2008, this Court ruled that the statute of limitations had run and the Complaint was dismissed. Docket #22.  The case was then re-opened on April 16, 2008 after Plaintiff moved for reconsideration of the dismissal.  Docket #31.  The Defendants DHS and TSA filed an Answer on June 18, 2008. Defendants now move to strike Plaintiff's Doe Amendment (Docket #48) and to dismiss for failure to state a cognizable claim against the proper defendants.

OPINION

A. <u>Motion to Strike Doe Amendment</u>.

This Court's Status Order on January 27, 2009 dismissed all Doe or other fictitiously-named defendants.  (Docket #44.) Moreover, the order specifically stated that "[n]o further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown."  <u>Id.</u>

3

Plaintiff failed to seek the Court's permission prior to the filing of the Doe Amendment. Accordingly, the Court hereby grants the Motion to Strike Plaintiff's Doe Amendment with prejudice.

B.  12(b)(6) Motion to Dismiss.

As a preliminary matter, the Court notes that Defendants' Motion to Dismiss is untimely. A motion to dismiss under 12(b)(6) "must be made before the responsive pleading." Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004) (citing Fed. R. Civ. P. 12(b)(6)). Here, Defendants filed a 12(b)(6) motion after filing their answer. Therefore, this Court must consider the motion as a judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2). Id.; Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

In reviewing Defendants' motion as a judgment on the pleadings, this Court views all of the facts set forth in the complaint in the light most favorable to the plaintiffs. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) ("The allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.").

///

///

4

1.  Defendants Department of Homeland Security and
    Transportation Security Administration.

Plaintiff has failed to state a claim upon which relief can be granted with respect to Defendants DHS and TSA. Plaintiff has been on notice for approximately 11 months that her complaint did not name proper Defendants. Indeed, if plaintiff had properly noticed and filed a motion to amend her complaint, the instant motion could most likely have been avoided. Plaintiff's failure to sue the correct defendant is not an innocent mistake but a gross procedural error. Plaintiff concedes she failed to sue the proper party. Plaintiff has also failed to provide any legal authority to obviate her failure.

To survive a motion for judgment on the pleadings, a plaintiff's complaint "need only give 'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (internal quotation marks omitted).

Title VII explicitly requires that only "the head of the department, agency, or unit, as appropriate, shall be the

defendant." 42 U.S.C. § 2000e-16(c). Plaintiff has failed to assert a claim against the proper defendants. DHS and TSA are departmental entities, not the heads of the departments as required. This Court hereby grants, as a judgment on the pleadings, the dismissal of DHS and TSA as defendants in this case.

2. Defendant Loren Ishii.

Title VII does not impose individual liability on employees and therefore cannot be the basis for a separate cause of action against individual agents of the employer, including supervisors. See Holly D. v. California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993). Ishii was Plaintiff's immediate supervisor and as such, is not liable under a Title VII cause of action. Plaintiff mentions in her Opposition to the Motion to Dismiss that she intends to amend her Complaint to assert claims of intentional and negligent infliction of emotional distress against Ishii. (Docket at 49, 13:11-12.) Be that as it may, the Complaint as it stands has no legitimate claims against Ishii. Accordingly, this Court grants the dismissal of Defendant Ishii.

///

ORDER

For the foregoing reasons, the Court:

(1) GRANTS the Motion to Strike the Doe amendment; and

(2) GRANTS the Motion to Dismiss as to all causes of action, against all defendants, without prejudice.

IT IS SO ORDERED.

Dated: March 30, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE